# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL MIREYA DIAZ,<br><br>Defendant. | Case No. CR 18-00168-JFW<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

## I.

On January 24, 2024, Defendant Crystal Mireya Diaz made her initial appearance on the petition for revocation of supervised release and warrant for arrest issued on December 14, 2023. The Court appointed Stephen Frye, a member of the indigent defense panel, to represent Defendant and appointed Charles P. Diamond, a member of the indigent defense panel, to specially appear for Mr. Frye. The government was represented by Assistant U.S. Attorney Cameron

Vanderwall. At Defendant's request, a detention hearing was continued to January 26, 2024 and held on that date. Mr. Frye appeared on behalf of Defendant.

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A.  ☒  Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ the petition alleges that Defendant failed to comply with supervised release conditions by engaging in criminal conduct: Defendant was arrested for and convicted of Grand Theft Auto, found in possession of burglary tools, failed to report for drug counseling and testing, used methamphetamine, and failed to report for mental health counseling. Defendant's repeated lack of compliance – despite the many warnings and chances to bring her conduct into compliance with the conditions of release does not give the Court any assurance that Defendant would abide by any conditions for release that could be imposed.

B.  ☒  Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition (<u>see</u> above);
> ☒ criminal history includes recent arrest and conviction for grant theft auto while on supervised release. Defendant was also on state parole.
> Given Defendant's recent contacts with law enforcement, the Court finds

that Defendant's release would likely endanger the safety of other persons and the community.

### III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: January 29, 2024

                                                     /s/
                                       ALKA SAGAR
                       UNITED STATES MAGISTRATE JUDGE